UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SACHA DOWNES | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | No. |
| vs. | : | |
| | : | |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

### I.  PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of Plaintiff, Sacha Downes. Plaintiff was an employee of Defendant, The Trustees of the University of Pennsylvania. Plaintiff has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981.

### II.  JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981.

4. The Eastern District of Pennsylvania has jurisdiction over this matter because it has general jurisdiction over the Defendant, The Trustees of the University of Pennsylvania, as well as specific jurisdiction over the Plaintiff's employment, which occurred in the Eastern District.

1

### III.   PARTIES

5. The Plaintiff herein is Sacha Downes, former employee of the Defendant.

6. The Defendant herein is the Trustees of the University of Pennsylvania.

7. The Defendant, upon information and belief, employed 15 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

9. At all times material herein, Defendant is and has been a "person" and "employer" as defined under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981.

### V.   UNDERLYING FACTS

10. Paragraphs 1 through 9 are incorporated by reference, as if set forth at length.

11. Plaintiff, as a black woman, was part of a protected class for her race.

12. During the course and scope of her employment with the Defendant, Plaintiff was subject to ongoing racial discrimination and harassment.

13. Specifically, the white employees were held to a much lower standard than the black employees.

14. If one of the few black employees made a mistake, it was amplified and blown out of proportion.

15. Plaintiff filed a complaint about this mistreatment.

16. After she filed the complaint, Plaintiff was terminated.

17. Plaintiff's termination violates the Civil Rights Act of 1964 and 42 U.S.C. 1981.

18. Plaintiff alleges that Defendant, through its agents, servants, and employees, failed to provide policies and procedures in place to prevent discrimination, failed to adequately respond to complaints of discrimination, and constructively discharged the Plaintiff.

## COUNT I

## DISCRIMINATION UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

19. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 18 as if stated in their entirety herein.

20. Plaintiff is in a protected class and engaged in protected activity under the Civil rights Act of 1964.

21. However, Plaintiff was subject to consistent racial discrimination.

22. This discrimination culminated in Plaintiff's termination, in violation of Title VII of the Civil Rights Act of 1964.

## COUNT III

## RACE DISCRIMINATION AND RETALIATION UNDER 42 USC 1981

23. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 22 as if stated in their entirety herein.

24. Plaintiff is in a protected class under 42 USC 1981.

25. However, Plaintiff was subject to consistent racial discrimination and mistreatment.

26. Plaintiff complained about the mistreatment, but rather than remedy the situation, Plaintiff was terminated.

## PRAYER FOR RELIEF

27. Plaintiff incorporates paragraphs 1 through 26 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in her favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, retaliation, and termination.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire - 316939
*Attorneys for Plaintiff, Sacha Downes*
457 Haddonfield Road, Suite 500
Cherry Hill, N.J. 08002
856-424-1808
856-424-2032 (fax)
mnatale@malamutlaw.com